UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF CWABS INC. ASSET-BACKED CERTIFICATES, SERIES 2004-6,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL K. MCALLISTER, JENNIFER L. MCALLISTER, and DOES 1-10, inclusive,<br><br>    Defendants. | No. 2:15-cv-01393-GEB-AC<br><br><br>***SUA SPONTE* REMAND ORDER**[*] |

On July 1, 2015, Defendants filed a Notice of Removal removing this unlawful detainer action from the Superior Court of California for the County of Sutter. (Notice of Removal ("NOR") ¶ 3, ECF No. 1.) For the following reasons, the Court *sua sponte* remands this case to the Superior Court of California for the County of Sutter for lack of subject matter jurisdiction.

"There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011)

---

[*] The undersigned judge revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.

1

(quoting <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The court may - indeed must - remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." <u>GFD, LLC v. Carter</u>, No. CV 12-08985 MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing <u>Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.</u>, 346 F.3d 1190, 1192 (9th Cir. 2003)).

Defendants allege in the Notice of Removal that federal question jurisdiction justifies removal. (NOR ¶ 3.) Specifically, Defendants contend:

> Plaintiff's claim is based upon a notice which expressly references and incorporates the "Protecting Tenants at Foreclosure Act of 2009," 12 U.S.C. § 5201. Further, this statute is drawn in controversy in this action because the federal statute provides for a ninety (90) day notice period prior to the filing of any state eviction proceeding; Defendants assert and allege that Plaintiff did not allow the ninety day period to lapse before filing his claim.

(<u>Id.</u> at ¶ 7.)

However, review of the Complaint reveals Plaintiff alleges "one [claim] . . . for unlawful detainer under state law, and under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal." <u>Polymatic Props., Inc. v. Mack</u>, No. 2:12-cv-2848-LKK-EFB PS, 2012 WL 5932618, at *1 (E.D. Cal. Nov. 27, 2012) (citing <u>Takeda v. Nw. Nat'l Life Ins. Co.</u>, 765 F.2d 815, 822 (9th Cir. 1985); see also <u>Deutsche Bank Nat'l Trust Co. v. Ghosal</u>, No. 14cv2582-GPC(WVG), 2014 WL 5587199, at *2 (S.D. Cal. Nov. 3, 2014) (remanding

unlawful detainer action *sua sponte*). Therefore, Defendant has not shown the existence of federal question removal jurisdiction.

For the stated reasons, this case is remanded to the Superior Court of California for the County of Sutter.

Dated: July 2, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge